Kira M. Rubel (SBN 253970)
LAW OFFICE OF KIRA M. RUBEL
3615 Harborview Drive, Suite C
Gig Harbor, WA 98332-2129
Tel: (800) 836-6531

Bret L. Lusskin, Jr.*
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Suite # 302
Aventura, FL 33180
Tel: (954) 454-5841

Scott D. Owens*
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: (954) 589-0588

Seth Lehrman (CA SBN 178303)
EDWARDS POTTINGER, LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL  33301
Tel: (954) 524-2820

*Pending admission pro hac vice

*Attorneys for Plaintiff, Parker Siglin, and the proposed class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER SIGLIN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SIXT RENT A CAR, LLC, a Delaware limited liability company,<br><br>Defendant. | **Case No.: 20-CV-00503 DMS BLM**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO SAN DIEGO SUPERIOR COURT**<br><br>**Date:** May 1, 2020<br>**Time:** 1:30 p.m.<br>**Ctrm:** 13A<br>**Judge:** Hon. Dana M. Sabraw |

**NOTICE IS HEREBY GIVEN THAT** on May 1, 2020, in Courtroom 13A of the above entitled Court, the Honorable Dana M. Sabraw presiding, located at 332 West Broadway, 13th Floor, San Diego, CA 92101, Plaintiff, Parker Siglin shall, and hereby does, move for an order pursuant to 28 U.S.C. § 1447 remanding this Action back to the Superior Court of the State of California for the County of San Diego, where it was originally filed. The basis for this motion is that Defendant has not shown this Court has subject matter jurisdiction according to controlling Ninth Circuit precedent. *See Bassett v. ABM Parking Services, Inc*., 883, F.3d 776 (9th Cir. 2018) (FACTA case found no standing); *Noble v. Nev. Check Cab. Corp*., 726 Fed. Appx. 582, 584 (9th Cir. 2018) (FACTA case found no standing).

Courts have consistently remanded FACTA cases where the Circuit Courts have found no Article III standing. *See Keim v. Trader Joe's Co*., Case No. CV 19-10156 PSG, [ECF No. 27] (C.D. Cal. Feb. 5, 2020) (remanding FACTA lawsuit); *Garcia v. Kahala Brands, Ltd*., 2020 WL 265518, *3 (C.D. Cal. Jan. 16, 2020)(same); *Mendoza v. Pac. Theatres Entm't Corp*., No. CV1909175CJCJCX, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019) (same); *Mocek v. Allsaints USA Ltd*., 220 F. Supp. 3d 910, 914-915 (N.D. Ill. 2016) (Bucklo, J.) (Court found the removal of the FACTA case "objectively unreasonable" due to Seventh Circuit precedent and awarded the plaintiff her attorneys' fees); *Donahue v. Everi Payments, Inc*., 19 C 3665 (N.D. Ill. August 18, 2019) (Remanded FACTA complaint).

Because the Ninth Circuit has held the allegations Plaintiff alleged in this case are not sufficient to raise Article III standing under the U.S. Constitution, this Action must be remanded to the State Court.

This Motion will be based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the records and files in this Action, and on such matters of which the Court may take notice.

Counsel for Plaintiff conferred telephonically with counsel for Defendant on March 23, 2020 and the latter indicated that Defendant opposed the relief requested in the Motion to Remand.

Respectfully submitted,

LAW OFFICE OF KIRA M. RUBEL

*/s/ Kira M. Rubel*
Kira M. Rubel

*Attorney for Plaintiff, Parker Siglin, and the proposed class*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND FACTUAL BACKGROUND ........................... 1

II.    ARGUMENT .................................................................................. 3

    A.     The Removal Statutes are Strictly Construed in Favor of Remand . 3

    B.     Sixt Has Not Met its Burden That This Action Be Maintained in the Ninth Circuit. ......................................................................... 4

    C.     Remand is Proper .......................................................................... 7

III.   ATTORNEYS' FEES AND COSTS SHOULD BE AWARDED .......... 10

IV.    CONCLUSION ............................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarado v. Univ. of S. California*,
   2017 WL 8116092 (C.D. Cal. Sept. 21, 2017) .........................................3, 10

*ASARCO, Inc. v. Kadish*,
   490 U.S. 605, 617, 109 S.Ct. 2037, 2045 (1989) ...........................................8

*Bassett v. ABM Parking Servs.*,
   883 F.3d 776 (9th Cir. 2018) .................................................................1, 2, 6

*Benton v. Clarity Servs., Inc.*,
2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) .........................................8

*Bercut v. Michaels Stores, Inc.*,
2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) ..........................................8

*California ex rel. Lockyer v. Dynegy, Inc.*,
   375 F.3d 831 (9th Cir. 2004) ....................................................................4, 5

*Daimler Chrysler Corp. v. Cuno*,
   547 U.S. 332,342 (2006) ............................................................................4

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) .......................................................................7

*Donahue v. Everi Payments, Inc.*,
   19 C 3665 (N.D. Ill. August 18, 2019) ....................................................3, 10

*Escobar v. Major League Baseball*,
   18STCV02491 (Los Angeles Sup. Ct. May 8, 2019) ........................................9

*Ethridge v. Harbor House Rest*,
   861 F.2d 1389, 1393 (9th Cir. 1988) ............................................................4

*Garcia v. Kahala Brands, Ltd.*,
   2020 WL 265518 (C.D. Cal. Jan. 16, 2020) ..................................2, 6, 10, 11

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ...................................................................3, 4

*Hangarter v. The Paul Revere Life Ins. Co.*,
  2006 U.S. Dist. LEXIS 5295 (N.D. Cal. 2006) ..................................3

*Harris v. Bankers Life and Cas. Co.*,
  425 F.3d 689, 698 (9th Cir. 2005) .....................................................4

*Jasmine Networks, Inc. v. Sup. Ct.*,
  180 Cal.App.4th 980, 990 (2009) ......................................................9

*Keim v. Trader Joe's Co.*,
  2020 WL 564120 (C.D. Cal. Feb. 5, 2020) ...............................2, 10, 8, 11

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005) ....................10, 11

*Mendoza v. Pacific Theatres Ent. Corp.*,
  2019 WL 6726088 (C.D. Cal. Dec. 10, 2019) ..............................2, 6, 10, 11

*Miranda v. Magic Mountain LLC*,
  2018 WL 571914 (C.D. Cal. Jan. 25, 2018) .......................................2

*Mocek v. Allsaints USA, Inc.*,
  220 F. Supp. 3d 910 (N.D. Ill. 2016) ...................................3, 10, 11

*Nat'l Paint & Coatings Assn. v. State of California*,
  28Cal.App.4th 753,761 (1997) ..........................................................9

*Noble v. Nev. Checker Cab Corp.*,
  726 Fed. Appx. 582 (9th Cir. 2018) ..........................................1, 2, 6

*Polo v. Innoventions International, LLC*,
  833 F.3d 1193 (9th Cir. 2016) ..............................................7, 8, 10

*Siglin v. Sixt Rent A Car, LLC*,
  18-cv-62536-JEM, [ECF No. 8] (S.D. Fla. Nov. 20, 2018) .........................7

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) .............5

*Stelmachers v. Verifone Sys., Inc.*,
   No. 5:14-CV-04912-EJD, 2017 WL 3968871 (N.D. Cal. Sept. 7, 2017) ......2

*Takeda v. Northwestern National Life Ins. Co.*,
   765 F.2d 815, 818 (9th Cir. 1985) ..................................................3

**Statutes**

15 U.S.C. § 1681c  .........................................................................1, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff, Parker Siglin ("Plaintiff"), alleges a single cause of action against Defendant Sixt Rent A Car, LLC, ("Defendant" or "Sixt") under the Fair and Accurate Credit Transactions Act ("FACTA") (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) in his class action complaint. ("Class Action Complaint").

Plaintiff alleges he and other consumers were issued credit and debit card transaction receipts, at numerous Sixt locations, which contained more than the last five digits of their credit and debit cards, in violation of FACTA's express requirements. 15 U.S.C. § 1681(c)(g); [ECF No. 1-1, at ¶¶ 2, 30-31, 38, 46, 55]. For this violation, Plaintiff seeks statutory damages under FACTA, in addition to other relief available under 15 U.S.C. § 1681n. Plaintiff does not seek an award of actual damages as a result of the violations alleged. Instead he seeks statutory damages of "not less than $100 and not more than $1000." 15 U.S.C. 1681n(a)(1)(A).

***Defendant has the burden as the removing party*** to demonstrate Plaintiff has Article III jurisdiction, which Defendant cannot due under Ninth Circuit precedent. *Bassett*, 883, F.3d 776 (FACTA case found no standing); *Noble*, 726 Fed. Appx. at 584 (FACTA case found no standing). Although Plaintiff previously filed his case in federal court believing that, under the Eleventh Circuit case law, he had

Article III Standing[1], those arguments are not well taken in this District under *Noble* and *Bassett*.[2] Defendant has not surpassed its clear burden.

In similar FACTA cases that have been removed, Courts in this district and across the country, including this Court have held identical allegations under FACTA as those alleged in the instant Class Action Complaint — *i.e*., Plaintiff has been exposed to the elevated risk of identity theft — were insufficient to invoke Article III jurisdiction. *Keim*, Case No. CV 19-10156 PSG, [ECF No. 27] ("The Court disagrees with Defendant that Plaintiff alleges an actual injury."); *Garcia*, 2020 WL 265518 at *3 ("The Court is not persuaded that Plaintiff has adequately alleged an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical"); *Mendoza*, 2019 WL 6726088, at *3 ("The Court

_____

[1] This Action was originally filed in the Southern District of Florida, but was re-filed in California state court after the Eleventh Circuit vacated its opinion in *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. 2019), which held that persons like Plaintiff, who assert FACTA claims have Article III standing to proceed in federal court.

[2] *See, e.g.*, *Bassett*, 883, F.3d 776; *Keim*, Case No. CV 19-10156 PSG, [ECF No. 27]; *Garcia*, 2020 WL 265518 at *3; *Mendoza*, 2019 WL 6726088, at *3; *Anton*, 2019 WL 4266528; *Miranda v. Magic Mountain, LLC*, 2018 WL 571914 (C.D. Cal. Jan. 25, 2018; *Stelmachers v. Verifone Sys., Inc.*, No. 5:14-CV-04912-EJD, 2017 WL 3968871, at *2 (N.D. Cal. Sept. 7, 2017) ("The party asserting federal jurisdiction must carry the burden of establishing standing under Article III").

is not persuaded that Plaintiff has adequately alleged an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical"); *Alvarado v. Univ. of Southern California*, 2017 WL 8006092, at *4 (C.D. Cal. Sept. 21, 2017) (No jurisdiction over the plaintiffs' FACTA claims, denied the defendant's motion to dismiss, and remanded the case back to Superior Court.).

Other courts across the country are in accord. *Mocek v. Allsaints USA Ltd.,* 220 F. Supp. 3d 910, 220 F. Supp. 3d at 914-915 (Bucklo, J.) (Court found the removal of FACTA case "objectively unreasonable," remanded, and awarded plaintiff attorneys' fees.); *Donahue v. Everi Payments, Inc.*, 19 C 3665 (N.D. Ill. August 18, 2019) (Remanded FACTA complaint).

To justify depriving Plaintiff of his choice of forum, and expose him to the risk of dismissal for lack of jurisdiction later (and having to start his case over), Defendant, as removing party, must prove Article III standing is met beyond "any doubt." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendant has not done so. Plaintiff respectfully requests that the Court remand this case to San Diego Superior Court where it may be adjudicated, and for an award of attorney's fees.

## II. ARGUMENT

### A.    The Removal Statutes are Strictly Construed in Favor of Remand.

Ninth Circuit precedent is clear; federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc*., 980

F.2d 564, 566 (9th Cir. 1992). These removal statutes are strictly construed in favor of remand. *Takeda v. Northwestern National Life Ins. Co*., 765 F.2d 815, 818 (9th Cir. 1985); *Hangarter v. The Paul Revere Life Ins. Co*., 2006 U.S. Dist. LEXIS 5295 (N.D. Cal. 2006). This narrow construction protects the jurisdiction of state courts. *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 698 (9th Cir. 2005).

The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case, as well as showing that it has complied with the procedural requirements for removal.  Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-1, ¶ 2:2228; s*ee also California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."); *Gaus*, 980 F.2d at 566 ("Plaintiff's motion to remand effectively forces defendant — the party who invoked the federal court's removal jurisdiction—to prove by a preponderance of the evidence whatever is necessary to support the petition …"); *Ethridge v. Harbor House Rest*. , 861 F.2d 1389, 1393 (9th Cir. 1988).

**B.**   **Sixt Has Not Met its Burden That This Action Can Be Maintained within the Ninth Circuit.**

Among the requirements to maintain an action in federal court is that a plaintiff must have standing under Article III of the United States Constitution. "Article   III   standing   …   enforces   the   Constitution's   case-or-controversy

requirement." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332,342 (2006). "The requirement of standing … has a core component derived directly from the Constitution. A plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Specifically, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant …" *Lexmark Intern., v. Static Control Components, Inc*., 134 S.Ct. 1377, 1386 (2014).

Typically, "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" the elements of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, as revised (May 24, 2016). Here, however, where Defendant has invoked federal jurisdiction through removal, it bears the burden of establishing this Court's jurisdiction. *California ex rel. Lockyer*, 375 F.3d at 838. Sixt has not done so, and the allegations relating to Article III standing in the underlying Class Action Complaint have already been rejected by the Ninth Circuit.[3]

Defendant's Notice of Removal is actually devoid of any reference to Article III standing. *See* [ECF No. 1]. The only reference to the jurisdiction of this Court

---

[3] As detailed *infra*, Plaintiff does have standing in California state courts under applicable California law.

states: "This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because it arises under FACTA, 15 U.S.C. § 1681, et seq. *Id.* ¶ II. 1. This bare statement ignores the remaining provisions of Article III and the applicable case law requiring an injury in fact. *See Allen*, 468 U.S. at 751; *Bassett*, 883 F.3d at 783; *Noble*, 726 Fed. Appx. at 584; *Garcia*, 2020 WL 265518 at *3 (remanding FACTA case for lack of standing); *Mendoza*, 2019 WL 6726088, *3 (same); *Anton*, 2019 WL 4266528, *3 (same). The fact that the Class Action Complaint includes claims arising under the laws of the United States is no substitute for Article III standing, as Defendant has already argue in the related litigation, stating specifically that Article III standing is lacking for Plaintiff's FACTA claim. Specifically, Sixt sought a stay in the Florida District Court action because it contended:

> "In brief, as explained more fully below, the Eleventh Circuit's decisions in Muransky and Tarr will resolve the threshold issue of whether Plaintiff Parker Siglin ("Plaintiff") has Article III standing to bring his claims under FACTA.

> \*       \*       \*

> "Accordingly, whether Plaintiff has standing to prosecute his FACTA claim is a critical threshold issue, and whether a plaintiff making a claim such as Plaintiff's has standing is exactly the issue being considered by the Eleventh Circuit in the Muransky and Tarr appeals.

> \*       \*       \*

> "As this Court has already recognized, the Article III standing issues being considered by the Eleventh Circuit are central to the plaintiff's claims in the Saleh FACTA action and, correspondingly, are likewise central to Plaintiff's claims in this action."

*Siglin v. Sixt Rent A Car, LLC*, 18-cv-62536-JEM, [ECF No. 8] (S.D. Fla. Nov. 20, 2018).

As such, ***Sixt has already contended that allegations identical to those raised in this complaint fail to establish Article III jurisdiction*** and, accordingly, has not even tried to meet its burden on removal to prove this Court has jurisdiction over this Action. Clearly, controlling Ninth Circuit authority requires that it be remanded to the state court where it was originally filed. *Polo v. Innoventions International, LLC*, 833 F.3d 1193 (9th Cir. 2016)( "[A] removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)."); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court.").

Once again, Defendant has failed to show how the allegations Plaintiff alleged in her Class Action Complaint rise to the level of Article III injury in light of controlling Ninth Circuit precedent.

## C.    Remand is Proper

The Ninth Circuit considered the propriety of dismissal after the district court held the plaintiff lacked Article III standing for all of her claims and dismissed the case. *Polo*, 833 F.3d at 1195. The Ninth Circuit reversed the district court,

concluding that remand to state court is necessary and proper where a plaintiff has no Article III standing and cannot proceed in federal court because jurisdiction is lacking.4

It is worth noting that this matter can proceed in state court after remand. The Supreme Court and the Ninth Circuit have recognized that "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute.5

California superior courts have no comparable standing limitation, as the California Court of Appeal has noted:

---

4 *Polo*, 833 F.3d at 1195 ("Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."); s*ee also Keim*, Case No. CV 19-10156 PSG, [ECF No. 27] ("Consistent with *Polo*, the Court finds that remand is appropriate. . . . This result makes sense because once the Court determines that it lacks Article III standing, any ruling on the merits would move the Court beyond its constitutional reach."); *Benton v. Clarity Servs., Inc*., 2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) ('the Court will sever claims for which the Court has found plaintiff lacks standing and said claims will be remanded to state court"); *Bercut v. Michaels Stores, Inc*., 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (remanding the action to state court where subject matter was lacking due to lack of Article III standing).

5 *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617, 109 S.Ct. 2037, 2045 (1989) (citing string of prior Supreme Court cases); *see also Polo*, 833 F.3d, at 1196.

> Article III of the federal Constitution imposes a case-or-controversy limitation on federal court jurisdiction, requiring the party requesting standing to allege such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues. There is no similar requirement in our state Constitution.

*Jasmine Networks, Inc. v. Sup. Ct.*, 180 Cal.App.4th 980, 990 (2009) (internal quotations omitted).

The California Court of Appeal also stated that:

> [o]ur state Constitution contains no 'case or controversy' requirement. The substantial body of federal cases interpreting standing under the United States Constitution do not purport to impose the same requirement in cases arising under the California Constitution. The California Constitution specifically provides (Article 1, section 24) that California Constitutional rights do not depend on the United States Constitution. Appellants cite no California cases holding that concrete injury and redressability are essential prerequisites to justiciability in California.

*Nat'l Paint & Coatings Assn. v. State of California*, 28Cal.App.4th 753,761 (1997).

*See also Escobar v. Major League Baseball*, 18STCV02491 (Los Angeles Sup. Ct. May 8, 2019 (Overruling Defendants' Demurrer and holding that Plaintiff's FACTA claim may proceed in state court) ("California courts are not bound by the 'case and controversy' requirement of article III of the United States Constitution. . . Thus, Plaintiff may take advantage here of the right and remedy created by Congress").

Moreover, this Court need not dive into the question of whether or not the California state court actually has standing to hear Plaintiff's FACTA claims. It is

sufficiently plausible that it does, based on the broad standing principles of California state courts. "Only when the eventual outcome of a case after remand is so clear as to be foreordained" should a federal court dismiss it, rather than remand it. *Polo*, 833 F.3d at 1198. Here, because "[i]t is far from clear that a state court would dismiss [the plaintiff's] [ ] claim," remand to the California state court is required. *Id.*; *see also Keim*, Case No. CV 19-10156 PSG, [ECF No. 27]; *Garcia*, 2020 WL 265518 at \*3; *Mendoza*, 2019 WL 6726088, at \*3; *Alvarado* 2017 WL 8006092, at \*4; *Mocek*, 220 F. Supp. 3d at 914-15; *Donahue*, 19 C 3665.

## III. ATTORNEYS' FEES AND COSTS SHOULD BE AWARDED

Section 1447(c) expressly provides for an award of attorneys' fees and costs the plaintiff incurs from an objectively unreasonable removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005).

Defendant's Notice of Removal motion is in direct contradiction to previous arguments it has made against Plaintiff for his FACTA violations. As described previously, Defendant has already argued in related litigation that there is no jurisdiction for Plaintiff's claims. In fact, Defendant's entire Motion to Stay in the Southern District of Florida matter is based upon Defendant's argument that Plaintiff has no allegations insufficient to support Article III standing.  Defendant cannot have it both ways – Plaintiff either has Article III standing in District Court, or he does not.

Regardless, Sixt now seeks to remove this action in an unreasonable (and thinly veiled) effort to get the case ultimately dismissed from this Court on this lack of Article III standing. This is objectionably unreasonable and warrants fees and costs. Thus, just like in *Mocek*:

> It should have been obvious to defendant, based on well-settled law, that … the only possible outcome was for the case to end up right back where it started: in state court. Under these circumstances, I have no trouble concluding that defendant lacked an 'objectively reasonable basis for seeking removal.' *Martin*, 546 U.S. at 141. Accordingly, plaintiff is entitled to recover her attorneys' fees incurred as a result of removal.

*Mocek*, 220 F. Supp. 3d at 914-15.

Indeed, Defendant's removal is even more unreasonable than in *Mocek*. At the time of *Mocek*, the Seventh Circuit had yet to rule on whether there was standing for FACTA claims. By contrast, here Defendant ignores the Ninth Circuit's multitude of controlling decisions that repeatedly hold that plaintiffs lack standing in FACTA cases. Moreover, at the time of Defendant's removal, two FACTA cases removed to this Court had just be remanded to state court for lack of Article III standing. *Garcia*, 2020 WL 265518 at*3; *Mendoza*, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019). A few days later, this Court confirmed the trend and remanded *Keim v. Trader Joe's*, Case No. CV 19-10156 PSG, [ECF No. 27].

In short, Plaintiff should be awarded her attorneys' fees incurred for Defendant's unreasonable removal. *See Mocek*, 220 F. Supp. 3d at 914-915.

## IV. CONCLUSION

Defendant's Notice of Removal fails to reference anything akin to Article III standing. The clear burden imposed by Defendant under the removal statutes requires that Defendant plainly demonstrate the jurisdictional appropriateness of this matter proceeding in Federal District Court. **Defendant has not surpassed its threshold burden.** This action should be remanded to the Superior Court for the County of San Diego.

Moreover, the motion to remove is objectively unreasonable in light of the clear *stare decisis* on this legal issue. As such, Plaintiff should be awarded his reasonable attorney fees and costs.

Respectfully submitted,


LAW OFFICE OF KIRA M. RUBEL

*/s/ Kira M. Rubel*
Kira M. Rubel

*Attorney for Plaintiff, Parker Siglin, and the proposed class*