**AKERMAN LLP**
JOSHUA MANDELL (SBN 225269)
joshua.mandell@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CHRISTOPHER S. CARVER (*pro hac vice* pending)
christopher.carver@akerman.com
DUSTIN B. HILLSLEY (*pro hac vice* pending)
dustin.hillsley@akerman.com
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

Attorneys for Defendant
SIXT RENT A CAR, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER SIGLIN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SIXT RENT A CAR, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 20-cv-0503-DMS-BLM<br><br>Judge: Hon. Dana M. Sabraw<br>Courtroom: 13A<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing Date:**<br>**Date: May 1, 2020**<br>**Time: 1:30 p.m.**<br>**Place: Courtroom 13A**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Removal Filed: March 17, 2020<br>Complaint Filed: March 9, 2020<br>Trial Date: None |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 1, 2020 at 1:30 p.m. or as soon thereafter as counsel may be heard, in Courtroom 13A of the United States District Court, Southern District, located at 221 West Broadway in San Diego, California, Defendant Sixt Rent A Car, LLC ("Defendant" or "Sixt") will and hereby does move this Court for an order dismissing, with prejudice, the complaint of Parker Siglin (the "Complaint").

The Motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the ground of improper claim splitting.

This Motion is made following a conference of counsel that took place on March 24, 2020. On March 25, 2020, the Court informed counsel that it was suspending the Court's informal Rule 12(b) conference and that Defendant could proceed to file its Motion.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, and upon such other and further oral and documentary evidence as may be submitted and argument as may be made at the hearing on this matter.

Date: March 25, 2020

**AKERMAN LLP**

By: /s/ Joshua R. Mandell
Joshua R. Mandell
Attorneys for Defendant,
SIXT RENT A CAR, LLC

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES ....................................................... 1
    I.    INTRODUCTION .................................................................................................. 1
    II.   PROCEDURAL HISTORY ................................................................................... 1
    III.  PLAINTIFF'S CLAIM SPLITTING WARRANTS DISMISSAL .................. 4
    IV.  CONCLUSION ....................................................................................................... 7

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. California Dep't of Health Servs.*,
   487 F.3d 684, 688 (9th Cir. 2006) ................................................................... 4, 7

*Campbell v. Facebook, Inc.*,
   Case No. 17-6873 (9th Cir. Mar. 3, 2020) ............................................................ 3

*Cook v. C.R. England, Inc.*,
   2012 WL 2373258 (C.D. Cal. June 21, 2012) ................................................... 6, 7

*Macklin v. Onewest Bank, F.S.B*,
   No. 2:11-cv-00258 ................................................................................................ 5

*Martinez v. Campbell*,
   No.: 17-CV-2143-JGS (AGS), 2018 WL 2193455
   (S.D. Fla. May 14, 2018) ............................................................................. 5, 6, 7

*Mpoyo v. Litton Electro-Optical Sys., Inc.*,
   430 F.3d 985 (9th Cir. 2005) ................................................................................ 6

*Muransky v. Godiva Chocolatier, Inc.*,
   922 F.3d 1175 (11th Cir. 2019) ............................................................................ 3

*Spokeo, Inc. v. Robins*,
   136 S.Ct. 1540 (2016) ........................................................................................... 3

*Taylor v. Sturgell*,
   553 U.S. 880, 904 (2008) ..................................................................................... 4

*United States v. Haytian Republic*,
   154 U.S. 118 (1894) .............................................................................................. 4

*Vanover v. NCO Financial Services, Inc.*,
   857 F.3d 833 (11th Cir. 2017) .............................................................................. 5

**Statutes**

15 U.S.C. § 1681c(g)(1), *et seq.* ................................................................................ 2

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Rules**

Fed. R. Civ. P. 12 ............................................................................................... 1, 2, 8

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 5

Fed. R. Civ. P. 42 ........................................................................................................ 7

Federal Rule of Evidence 201(b) and (d) ................................................................. 2

## MEMORANDUM OF POINTS & AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sixt Rent A Car, LLC ("Sixt") shall and hereby does move for an order dismissing the complaint filed by Plaintiff Parker Siglin ("Plaintiff") on March 9, 2020, in the Superior Court of the County of San Diego, and removed to this Court on March 17, 2020 (*see* ECF No. 1, Ex. A; hereafter, the "*Complaint*").

## I. INTRODUCTION

This case is the **third** action filed by Plaintiff against Sixt, following **two** actions filed in Florida: one in federal court (the first-filed action) and one in state court (the second-filed action, which Plaintiff strategically dismissed following (i) removal to this Court and (ii) the pre-filing conference required for any motion to dismiss, at which the basis of this motion was laid out to Plaintiff's counsel). The *Complaint* in this action is a functional carbon copy of the allegations in the complaints filed in the two preceding Florida actions. This Court is faced with the same parties, the same claim, the same factual allegations, and the same putative class. The law is well-settled that Plaintiff cannot maintain two concurrent actions against the same defendant involving the same transaction. Plaintiff must bring all related claims in a single action – or not at all.

Evidently unhappy with the proceedings in Florida, Plaintiff decided to split his claims and shop for what he perceives to be a more advantageous forum, because he (*i.e.*, his counsel) considers California to be more congenial to his claims than Florida. *See infra* at note 4. This Court should bar Plaintiff's needless and expensive litigation misconduct, which is exemplified by this third action.[1]

## II. PROCEDURAL HISTORY

Almost a year-and-a-half before he filed this action, Plaintiff filed an action on

---

[1] As this case is already before another federal court, in advance of any other issue, this Court should dismiss this case for improper claim splitting. Sixt does not waive, and hereby reserves, its other challenges to this action, including under Fed. R. Civ. P. 12.

1
**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY**

October 22, 2018, in the United States District Court for the Southern District of Florida, alleging a violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq.*, by Sixt Rent A Car, LLC, a Delaware limited liability company with its principal place of business in Fort Lauderdale, Florida. That action is styled, *Siglin v. Sixt Rent A Car, LLC*, Case No. 18-62536-CIV-MARTINEZ-OTAZO-REYES, and is pending before the Honorable Jose E. Martinez (the "Florida Federal Action"). A true and correct copy of the complaint in the Florida Federal Action is attached as **Exhibit A**.[2]

In the Florida Federal Action, Plaintiff seeks relief on behalf of a proposed class defined as:

> (i) All persons in the United States (ii) who, when renting a vehicle at one of Defendant's United States locations (iii) made such purchase using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed more than the last 5 digits of the card number and/or the expiration date of the credit or debit card (vi) within the two (2) years prior to the filing of the complaint.

Ex. A ¶ 51. The gist of Plaintiff's claim is that he allegedly received a "receipt"[3] on October 15, 2018, from a vehicle rental location in San Diego operated by Sixt, which "receipt" allegedly violated FACTA's truncation provision because it contained the first six and last four digits of his credit card number. *See*, *e.g.*, *id.* ¶¶ 27-30, 65-72; *see also* 15 U.S.C. § 1681c(g)(1).

On December 19, 2018, Judge Martinez stayed the Florida Federal Action

---

[2] Pursuant to Federal Rule of Evidence 201(b) and (d), Sixt requests the Court take judicial notice of the procedural history in this and related cases, as provided here and in Exhibits A-F. These exhibits are proper for judicial notice because they are records of this and other courts and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

[3] As a matter of fact – and one of the many reasons why Plaintiff's claims must fail on the merits – the "receipt" on which Plaintiff's FACTA claim is based is not a FACTA "receipt"; it is his vehicle rental contract, and therefore not within the scope of FACTA at all. This Rule 12 argument will be fully presented to the Court in the event the Court declines to dismiss this action for Plaintiff's improper claim splitting.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

pending the Eleventh Circuit's decision in *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. 2019), *reh'g en banc granted, opinion vacated*, 939 F.3d 1278 (11th Cir. 2019). *Muransky* is also a FACTA case, *see* 922 F.3d at 1180; the core issue is whether "a bare procedural violation [of FACTA], divorced from any concrete harm," as alleged by Plaintiff, is sufficient for Article III standing under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), *id.* at 1549. A true and correct copy of Judge Martinez's order staying the Florida Federal Action is attached as **Exhibit B**.

Then, almost exactly a year later, on October 14, 2019, Plaintiff filed the nearly-identical complaint against Sixt in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. That case mirrors the Florida Federal Action in all respects; it is styled, *Siglin v. Sixt Rent A Car, LLC*, Case No. CACE 19-021308 (03). This second-filed action (the "Florida State Action") was before the Honorable Nicholas Lopane. True and correct copies of the original and amended complaints in the Florida State Action are attached as **Composite Exhibit C**.

On December 30, 2019, based on long-settled Florida precedent, Sixt filed a motion to stay the Florida State Action pending resolution of the first-filed and first-served – and stayed, pending *Muransky* – Florida Federal Action. A true and correct copy of Sixt's motion is attached (without exhibits) as **Exhibit D**. This motion was not set for hearing.[4]

Dissatisfied with his inability in Florida to sidestep the stay in the Florida Federal

---

[4] Practically speaking, both Florida actions were stayed pending the resolution of *Muransky*. The *en banc* oral argument in *Muransky* was held on February 25, 2020. Notably, one of Plaintiff's counsel (Scott Owens, Esq.) has consistently argued that his client in that case – Mr. Muransky – has Article III standing. Tellingly, on March 18, 2020, Mr. Owens submitted a supplemental authority letter to the *Muransky* court, highlighting new a new decision by the Ninth Circuit, *Campbell v. Facebook, Inc.*, Case No. 17-6873 (9th Cir. Mar. 3, 2020), as support for his argument to that court that Article III standing exists for FACTA claims. *Campbell* was published a mere six days before Mr. Owens filed Plaintiff's action in California state court. A true and correct copy of that letter is attached as **Exhibit E**.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Action, Plaintiff responded by filing the complaint in this case – his third against Sixt on exactly the same rental transaction from October 15, 2018 – in the Superior Court of the County of San Diego on March 9, 2020. Like both of the Florida actions that came before it, this action is a putative class action against Sixt, asserting identical FACTA claims, brought by the same plaintiff and the same counsel, purportedly on behalf of the same putative class, and with the same core operative allegations. *Compare Compl.* ¶¶ 28-31, 46, 52-59 *with* Exs. A & C ¶¶ 27-30, 51, 65-72.

In all three of his complaints, Plaintiff's core allegation is that he received a "receipt" from Sixt after renting a car from Sixt's rental car center in San Diego, California, which "receipt" contained (among other things) the first six and last four digits of his credit card number. *Compl.* ¶ 31; Exs. A & C ¶ 30.

Sixt removed this case to this Court on March 17, 2020. *See* ECF No. 1. Sixt's counsel had the pre-filing conference with Plaintiff's counsel required by the Court's procedures the morning of March 24, 2020, in which Sixt's counsel explained the basis of this motion. Several hours after that conference, Plaintiff voluntarily dismissed the Florida State Action without prejudice. A true and correct copy of the voluntary dismissal is attached as **Exhibit F**.

### III. PLAINTIFF'S CLAIM SPLITTING WARRANTS DISMISSAL

The United States Supreme Court has long held that a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 482 (1876)); *see also Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2006) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). In language aptly describing the situation before the

Court now, this Court recently recognized, "The ultimate objective of this rule against claim splitting is to 'protect the Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience." *Martinez v. Campbell*, No.: 17-CV-2143-JGS (AGS), 2018 WL 2193455, at *4 (S.D. Fla. May 14, 2018) (quoting *Clements v. Airport Auth. of Washoe Cnty.,* 69 F.3d 321, 328 (9th Cir. 1995)).

Where, as here, a plaintiff files multiple lawsuits asserting identical claims concerning a single transaction, a subsequent lawsuit should be dismissed both under Rule 12(b)(6) and by virtue of a district court's broad discretion to control its docket. *See Adams*, 487 F.3d at 6. "Dismissal of a duplicative lawsuit … 'promotes judicial economy and the comprehensive disposition of litigation.'" *Macklin v. Onewest Bank, F.S.B*, No. 2:11-cv-00258 MCE-DAD, 2011 WL 1343053, *3 (E.D. Cal. April 7, 2011) (quoting *Adams*, 487 F.3d at 692). Indeed, "[a]llowing the duplicative later suit to move forward sets a terrible precedent." *Id.* at *4.

Notably, the Eleventh Circuit, where the first-filed Florida Federal Action is pending, follows the same rule on claim splitting. In *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833 (11th Cir. 2017), the Eleventh Circuit affirmed the dismissal with prejudice of the second-filed action in very similar circumstances, where the plaintiff had followed her original federal action with a state-court action that was removed. *See id*. at 836. In a first-impression issue for that court, the Eleventh Circuit principally relied upon decisions from the Tenth Circuit and the Second Circuit in affirming, noting that "the objective of the claim-splitting doctrine to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Id*. at 843; *see also id*. at 840-42.

Although it is obvious that this third action is functionally identical to the two prior-filed Florida actions, the criteria for whether a subsequent action against the same defendant is duplicative are: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether substantially the same evidence is presented in the two

actions; (3) whether the two suits involve infringement of the same right; and (4) whether rights or interests established in a prior judgment (if any) would be destroyed or impaired by prosecution of the second action. *See Adams*, 487 F.3d at 689.[5]

Generally, the first factor is dispositive. *See, e.g., Mpoyo v. Litton Electro-Optical Sys., Inc.*, 430 F.3d 985, 988 (9th Cir. 2005) ("We have often held the common nucleus of operative fact criterion to be outcome determinative under the first res judicata element."). Here, the analysis is straightforward. The Florida Federal Action and, for that matter the recently dismissed Florida State Action were filed and served long before this action was filed, and this action is unquestionably a copy of those actions. The same plaintiff sued the same defendant, using functionally identical complaints, on behalf of identical putative classes, relying on the same allegation to support the same cause of action. *Compare Compl.* ¶¶ 28-31, 52-59 *with* Exs. A & C ¶¶ 27-30, 65-72. Thus, because this case is the same as the still-pending Florida Federal Action, it necessarily follows that this case meets the test and is duplicative. As a result, this case is barred for improper claim splitting. *See Adams*, 487 F.3d at 692; *Martinez*, 2018 WL 2193455, at *4; *Cook*, 2012 WL 2373258, at *8.[6]

---

[5] The claim-splitting test is the same as for claim preclusion. "While both claim-splitting and claim-preclusion doctrines [] '[shield] parties from vexatious concurrent or duplicative litigation,' the primary difference is that, in claim-splitting, a litigant is able to move for dismissal without demonstrating that 'a court of competent jurisdiction has entered a final judgment on the merits' in the first action. Beyond this distinction, the process for determining whether a suit is duplicative 'borrow[s] from the test for claim preclusion,' and 'the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.'" *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (internal citation omitted).

[6] Though clearly tactical, Plaintiff's dismissal (without prejudice) of his Florida State Action does not enable him to avoid the core claim-splitting problem. He still has the Florida Federal Action pending, in which Plaintiff asserts that the federal court has subject matter jurisdiction because he has Article III standing. *See* Ex. A at ¶ 2 (citing to the now vacated *Muransky* panel opinion); ¶ 5 (asserting federal question jurisdiction based on FACTA).

In terms of relief, "'the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.'" *Martinez*, 2018 WL 2193455, at *4 (quoting *Adams*, 487 F.3d at 688). Though the Court could consolidate this action with the Florida Federal Action, *see* Fed. R. Civ. P. 42, there is no reason to do so here. Because the actions are the same, consolidation effectively does nothing, except create unnecessary procedural expense. *See Cook*, 2012 WL 2373258, at *9 (noting courts have "caution[ed] against protecting plaintiffs … [who] use the tactic of filing two substantially identical complaints to expand the procedural rights [they] would have otherwise enjoyed" and consolidation is inappropriate where it would produce needless "inconvenience, delay, or expense").

For the same reason, this Court should not stay this action until the Florida action is resolved; because the actions are functionally identical, any resolution in Florida would necessarily resolve this action as well. *See Adams*, 487 F.3d at 692 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."). Accordingly, dismissal *with prejudice* is the appropriate remedy. *See id.* at 694 ("The district court acted within its discretion in dismissing Adams's duplicative complaint with prejudice and preventing her from 'fragment[ing] a single cause of action and [ ] litigat[ing] piecemeal the issues which could have been resolved in one action.'" (quoting *Flynn v. State Bd. of Chiropractic Exam'rs*, 418 F.2d at 668, 668 (9th Cir. 1969 (per curiam)) (alterations in original)).

Accordingly, not transfer, not stay, but dismissal *with prejudice* is the appropriate relief to be granted to Sixt.

### IV.   CONCLUSION

For the foregoing reasons, this Court should dismiss this action in its entirety *with prejudice*. In the alternative, this Court should transfer this case to the United States District Court for the Southern District of Florida where it can be consolidated with the

first action Plaintiff filed against Sixt, which has been pending in that court since 2018. If the Court declines to take either step, at minimum, the Court should stay this action in favor of the litigation already pending in Florida. Finally, if the Court denies this motion such that this action proceeds in this Court, Sixt requests a brief extension of time to file a more traditional Rule 12 motion.

Date: March 25, 2020                              **AKERMAN LLP**

                                               By: /s/ Joshua R. Mandell
                                                      Joshua R. Mandell
                                                      Attorneys for Defendant,
                                                      SIXT RENT A CAR, LLC

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342