# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER SIGLIN, individually and on behalf of a class of similarly situated individuals,<br><br>                                    Plaintiff,<br>v.<br>SIXT RENT A CAR, LLC, a Delaware limited liability company,<br>                                    Defendant. | Case No.:  20cv503 DMS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO SAN DIEGO SUPERIOR COURT AND DENYING BOTH PARTIES' REQUESTS FOR FEES** |

   This case is before the Court on Plaintiff Parker Siglin's motion to remand to San Diego Superior Court.  Defendant Sixt Rent a Car, LLC filed a response in opposition, arguing that the Court should dismiss rather than remand the case.  Both parties seek attorney's fees.  After reviewing the parties' briefs, the record, and the relevant legal authority, the Court **grants** Plaintiff's motion to remand and **denies** both parties' requests for fees.

## I.

## BACKGROUND

   In October 2018, Plaintiff ("Plaintiff" or "Siglin") filed a complaint against Defendant in the Southern District of Florida alleging increased risk of identity theft because of Defendant's purported procedural violations of the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act, 15 U.S.C.

§ 1681.  Specifically, Plaintiff alleges that Defendant violated the statute's truncation requirements when Defendant printed ten digits of his credit card number, the card's expiration date, and other personal information on a document at one of its San Diego locations.  *See* 15 U.S.C. § 1681c(g)(1) ("[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.").  In December 2018, the Southern District of Florida issued a stay pending the Eleventh Circuit's en banc rehearing in *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. 2019), *reh'g en banc granted, opinion vacated,* 939 F.3d 1278 (11th Cir. 2019).  At issue in the *Muransky* appeal is whether plaintiffs (like Siglin) who allege increased risk of identity theft because of defendants' procedural FACTA violations have Article III standing to pursue claims in that circuit.

In October 2019, Plaintiff filed a second FACTA action against Defendant in Florida state court, alleging identical violations as in the stayed Florida federal action.  On March 9, 2020, Plaintiff filed a third complaint against Defendant in San Diego Superior Court, again asserting the same FACTA violations as in both the stayed Florida federal action and the Florida state action.  Defendant removed the Superior Court claim to this Court on March 17.  (ECF No. 1.)  On March 24, Plaintiff voluntarily dismissed the Florida state action, (ECF No. 20 at 5), and filed the instant motion to remand this case back to San Diego Superior Court.  (ECF No. 10.)

Plaintiff argues this Court lacks subject matter jurisdiction over his FACTA claim, and that Defendant's removal was therefore improper.  Specifically, Plaintiff argues he lacks standing to bring this claim within the Ninth Circuit.  In opposition, Defendant argues Plaintiff should be estopped from asserting he lacks standing to sue in this Court, since he has previously argued that he does have standing in the Southern District of Florida.  Defendant also argues this Court should decline to remand, and should instead dismiss this case for improper claim splitting.

/ / /

## II.

## DISCUSSION

**A. Remand is Appropriate Because Plaintiff Lacks Standing in the Ninth Circuit**

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction extends only to matters authorized by the Constitution and Congress. *Id.* Removal of a civil action from state court to federal court is appropriate only if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Therefore, a federal court *must* remand a removed action back to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."). "The burden of establishing federal jurisdiction is on the party seeking removal . . . ." *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999). In the Ninth Circuit, courts "strictly construe the removal statute against removal" so that "any doubt as to the right of removal" is resolved in favor of remand. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Remand to state court is appropriate over dismissal because lack of subject matter jurisdiction speaks only to the *federal* court's lack of power to hear a case. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

"Article III standing is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011); *see* U.S. Const. art. III, § 2, cl. 1 (limiting federal courts' jurisdiction to "cases" and "controversies"); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting "standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). To establish the "irreducible constitutional minimum" sufficient to confer standing, the party seeking to invoke federal jurisdiction must show that the plaintiff suffered an "injury in fact" both causally connected to the defendant's actions and "likely . . . to be redressed by a favorable decision." *Lujan*,

504 U.S. at 560–61 (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43) (1976).  "An injury in fact is 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Bassett v. ABM Parking Servs., Inc.,* 883 F.3d 776 (9th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016)).  The party seeking to invoke federal jurisdiction must "clearly . . . allege facts demonstrating" each element of standing at the pleading stage.  *Spokeo*, 136 S.Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 498–499 (1975)); *see* Fed. R. Civ. P. 8(a)(1).

In the FACTA context, the Supreme Court held that "bare procedural violation[s]" of 15 U.S.C. § 1681c(g)(1) truncation requirements are insufficient to meet the required "injury in fact" component of standing.  *Spokeo*, 136 S. Ct. at 1550.  The Ninth Circuit interprets *Spokeo* to exclude FACTA claims where the only injury alleged is exposure to risk of identity theft, finding that increased risk is not a concrete injury.  *See Noble v. Nevada Checker Cab Corp.*, 726 F. App'x 582, 583–84 (9th Cir. 2018) (holding plaintiffs lacked standing because they "did not allege that anyone else had received or would receive a copy of their credit card receipts"); *Basset,* 883 F.3d at 777, 783 (9th Cir. 2018) ("Bassett failed to allege a concrete injury sufficient to give him standing . . . when [the] receipt fell into Bassett's hands in a parking garage and no identity thief was there to snatch it . . . .").

1. Defendant has not clearly alleged facts establishing Article III standing

Under *Spokeo*, the party seeking to invoke federal jurisdiction bears the burden of clearly asserting facts demonstrating Article III standing.  136 S.Ct. at 1547.  As the removing party, Defendant assumes this burden.  *See Prize Frize*, 167 F.3d at 1265.  Plaintiff's complaint, as attached to Defendant's notice of removal, alleges only "invasion of . . . privacy, and . . . an elevated risk of identity theft" caused by Defendant's purportedly FACTA-noncompliant receipts.  (ECF No. 1-2 at 2.)  In the Ninth Circuit, plaintiffs alleging these sorts of non-concrete injuries lack standing to bring FACTA claims.  *Noble*, 726 F. App'x at 583-84; *Basset,* 883 F.3d at 777, 783 (9th Cir. 2018).  Since Defendant offers only Plaintiff's complaint and advances no other argument in support of standing in

this circuit, Defendant has fallen short of establishing beyond "any doubt" that removal is appropriate. *Gaus*, 980 F.2d at 566. Since Plaintiff lacks Article III standing, "a necessary component of subject matter jurisdiction," *In re Palmdale Hills*, 654 F.3d at 873, the Court must remand the case to San Diego Superior Court. 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196.

Defendant argues that it is not required to present evidence establishing Plaintiff's Article III standing. In support, Defendant cites *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014). While *Dart Cherokee* does caution that a notice of removal "need not contain *evidentiary* submissions" supporting its factual allegations, 574 U.S. at 84 (emphasis added), Defendant's reliance on the case is misguided. The Court remands this matter to Superior Court not because there is insufficient *evidence* to establish standing, but because Defendant's notice of removal, which incorporates Plaintiff's complaint, (ECF No. 1-2), does not *allege any facts* that could support Plaintiff's standing.

Because Defendant, the removing party, has failed to establish Article III standing beyond any doubt, the Court **grants** Plaintiff's motion to remand.

2. <u>Plaintiff's arguments in the Eleventh Circuit do not absolve Defendant of its burden to clearly allege facts establishing Article III standing in the Ninth Circuit</u>

Defendant appears to argue that the Court should ignore Plaintiff's lack of standing under Ninth Circuit precedent because Plaintiff previously argued that he has standing to sue in the Eleventh Circuit. (ECF No. 20 at 1) ("Plaintiff should not be allowed to argue simultaneously that he does have standing in the District Court for the Southern District of Florida while arguing he does not have standing in the District Court for the Southern District of California.") Defendant contends that this Court should decline to address Plaintiff's standing in *this* circuit and should instead dismiss the action because Plaintiff has argued that he has standing in a *different* circuit.

Even if the Court could exercise authority outside its subject matter jurisdiction by ruling on Defendant's request to dismiss, Defendant's argument fails because the FACTA standing requirements are not identical in these two circuits. In the Ninth Circuit, plaintiffs

who allege only an increased risk of identity theft do not have standing to bring FACTA claims. *See Noble*, 726 F. App'x 582; *Bassett*, 883 F.3d 776. The Eleventh Circuit has yet to rule on this issue. *See Muransky*, 922 F.3d 1175, *reh'g en banc granted, opinion vacated*, 939 F.3d 1278. The law may be uncertain in the Eleventh Circuit, but it is not in the Ninth. *Basset* and *Noble* make it clear that Plaintiff lacks standing in *this* circuit, regardless of the state of the law in the Eleventh Circuit or Plaintiff's arguments under the law of that circuit.

> 3. <u>Since this Court lacks subject matter jurisdiction, the Court must remand the case, and cannot address Defendant's claim-splitting argument</u>

Defendant also argues for dismissal because it believes Plaintiff has inappropriately split his claims across multiple fora. Because Defendant has failed to establish Article III standing, the Court must remand the case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196. Accordingly, the Court cannot address Defendant's claim-splitting argument. It would be inappropriate for this Court to comment on the merits of an issue outside its limited jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1; *Lujan*, 504 U.S. at 560. If Defendant chooses to raise this argument in San Diego Superior Court, that court may decide the issue without first evaluating federal standing requirements. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) (citing 28 U.S.C. § 1738; *Grubb v. Public Util. Comm'n of Ohio*, 281 U.S. 470 (1930)) ("Although the state courts are not bound to adhere to federal standing requirements, they possess the authority . . . to render binding judicial decisions that rest on their own interpretations of federal law.").

**B. Neither Party is Entitled to Attorney's Fees**

If a federal court remands a case to state court for want of jurisdiction, the remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Outside exceptional circumstances, a court may award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see, e.g., Mocek v. Allsaints USA Ltd.*,

220 F. Supp. 3d 910 (N.D. Ill. 2016) (granting attorney's fees where the defendant removed the case, argued the court had federal question jurisdiction, then moved to dismiss for lack of subject matter jurisdiction one month later).   "Conversely, when an objectively reasonable basis for removal exists, fees should be denied." *Martin*, 546 U.S. at 141; *see*, *e.g.*, *Keim v. Trader Joe's Co.*, No. CV1910156PSGMRWX, 2020 WL 564120, at *3 (C.D. Cal. Feb. 5, 2020) (denying a plaintiff's request for fees because "Defendant based the removal on Plaintiff's federal cause of action under FACTA"); *Ybarra v. Universal City Studios, LLC*, No. CV 13-4976 PSG AJWX, 2013 WL 5522009, at *7 (C.D. Cal. Oct. 2, 2013) (citing *Cannon v. Pierce*, No. CIV.S-10-574FCDDAD, 2010 WL 2179877, at *2 (E.D. Cal. May 26, 2010) ("Attorneys' fees are not warranted when the complaint makes multiple references to federal law.").

      1.   Plaintiff is not entitled to fees, since Defendant relied on references to federal law within the complaint as a basis for removal

Plaintiff argues that he is entitled to attorney's fees because Defendant removed the case to this Court without an objectively reasonable basis for removal.   However, Defendant grounded its notice of removal in federal law by incorporating Plaintiff's complaint. Because Plaintiff's claim arises under FACTA, a federal statute, Defendant alleged federal question jurisdiction under 28 U.S.C. § 1331.   Though Defendant failed to establish the Article III standing element of subject matter jurisdiction, Defendant did advance arguments that, if effective, would bypass the standing issue.   While these arguments were unsuccessful, this Court cannot say that they were objectively unreasonable.

Plaintiff relies on *Mocek* to support his request for fees.   The *Mocek* court granted fees to the plaintiff after the defendant removed the case, argued that the federal court *had* subject matter jurisdiction, then moved to dismiss for *lack* of subject matter jurisdiction. 220 F. Supp. 3d at 911, 914.   Here, Defendant removed the case and thereafter sought dismissal for improper claim splitting, an issue this Court did not reach because of its resolution of the Article III standing question.   The *Mocek* defendant argued against a proposition after asserting exactly the opposite.   Defendant here has not done so.

Defendant's arguments in this Court, while unsuccessful, are logically consistent throughout its filings.

Because Defendant grounded its notice of removal and its arguments for subject matter jurisdiction in federal law, they are objectively reasonable. Therefore, Plaintiff's request for attorney's fees is **denied.**

    2. <u>Defendant is not entitled to fees, since its arguments for fees are the same arguments this Court has previously rejected or lacks the power to address</u>

First, Defendant argues they are entitled to fees because Plaintiff has unfairly changed his position on the Article III standing issue by arguing that he has standing in the Eleventh Circuit, but that he does not in the Ninth Circuit. For the reasons set forth *supra*, Part II, Section 2, this argument is unsuccessful. Defendant also argues this Court should award fees to sanction Plaintiff for allegedly improper claim splitting. However, as discussed *supra*, Part II, Section 3, this Court cannot rule on the claim-splitting issue because it lacks subject matter jurisdiction.

Because the Court has rejected Defendant's argument on the standing issue and cannot determine the claim-splitting issue for lack of subject matter jurisdiction, Defendant's request for attorney's fees is **denied.**

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court **grants** Plaintiff's motion to remand for lack of subject matter jurisdiction and **denies** both parties' requests for attorney's fees. Accordingly, the Court remands this matter to San Diego Superior Court without awarding fees to either party.

**IT IS SO ORDERED**.

Dated:  June 24, 2020

Hon. Dana M. Sabraw
United States District Judge